UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

TOLENTINO and CYNTHIA MEDINA,                                    No. 10-10511

                                  Debtor(s).
_____/

Memorandum re Chapter 13 Eligibility
_____

       On February 18, 2010, debtors Tolentino M. Medina and Cynthia Q. Medina filed their Chapter 13 petition, scheduling $911,405.04 in noncontingent, liquidated and secured debts, including $492,529.20 to HomeEq Servicing, secured by a first deed of trust against their residence at 100 Larkspur Street, American Canyon, California, valued at $313,500. The debtors assert that the loan secured by this deed of trust was used to purchase the property.

       Schedules E and F list unsecured, noncontingent, liquidated debts totaling $229,716.85. The Chapter 13 trustee, relying on *In re Scovis*, 249 F.3d 975, 983 (9th Cir. 2001), added the unsecured portion of the secured debt ($184,521.61) to the total of unsecured debt listed in Schedules E and F ($229,716.85) for purposes of calculating the Debtors' unsecured debt total, and arrived at a figure of $414.238.46. The Trustee moved to dismiss the case on the grounds that the Debtors' unsecured debt exceeded the $336,900 limit for unsecured debt for Chapter 13 eligibility under § 109(e) of the Bankruptcy Code.[1]

---

[1] On February 18, 2010, the date the Debtors filed their Chapter 13 petition, the values allowed by § 109(e) were $336,900 in unsecured debt and $1,010,650 in secured debt.

1

The Debtors oppose the motion to dismiss, arguing their unsecured debt did not exceed the threshold because [1] the debt owed to HomeEq Servicing, which is secured by the Debtors' primary residence, may not be bifurcated by the Plan into secured and unsecured debt, pursuant to 11 U.S.C. § 1322(b)(2) and *In re Nobelman*, 508 U.S. 324 (1993), and must instead be treated as fully secured; [2] HomeEq's claim may not be split into secured and unsecured claims for eligibility purposes if that claim must be treated as fully secured at plan confirmation, and [3] *In re Scovis* does not apply here because that case involved an unsecured judgment lien that was avoidable under § 506(a), but the liens in the instant matter may not be avoided. If the unsecured portion of the debt secured by the Debtors' primary residence is not added to the unsecured totals from Schedules E and F, then the Debtors will have $235,209.26 in unsecured debt, within the amount allowed under § 109(e).

The court notes that some courts have held that since § 1322(b)(2) of the Code prevents a bankruptcy court from modifying a lien secured only by the debtor's principal residence through a Chapter 13 plan, this anti-modification protection applies to the entire claim, even if the debt is undersecured, so that a lien against the debtor's personal residence should not be bifurcated into secured and unsecured claims for eligibility purposes. See, e.g., *In re Smith*, 419 B.R. 826, 832 (Bkrtcy.C.D.Cal. 2009); *In re Munoz*, – B.R. – (Bkrtcy. S.D.Cal. 2010). While the court agrees with these decisions, a more compelling reason for not loading the undersecured portion the HomeEq lien into unsecured debt is found in California real estate law.

California Code of Civil Procedure § 580b makes a deed of trust given to secure a purchase money loan secured by a personal residence entirely without recourse.[2] While the holder of a

---

[2]Code of Civil Procedure § 580b provides:

No deficiency judgment shall lie in any event after a sale of real property or an estate for years therein for failure of the purchaser to complete his or her contract of sale, or under a deed of trust or mortgage given to the vendor to secure payment of the balance of the purchase price of that real property or estate for years therein, or under a deed of trust or mortgage on a dwelling for not more than four families given to a lender to secure repayment of a loan which was in fact used to pay all or part of the purchase price of that dwelling

2

nonrecourse obligation has an *in rem* claim in bankruptcy proceedings (*Johnson v. Home State Bank,* 501 U.S. 78, 84 (1991)), there is no rational basis for calling any portion of the claim unsecured when applicable law forbids the debt from being enforced any way except as secured. Deficiency claims are only allowed in bankruptcy to the extent that state law permits them. *Tidewater Finance Co. v. Kenney,* 531 F.3d 312, 320 (4th Cir. 2008). As the court noted in *In re PCH Associates,* 949 F.2d 585, 604 (2nd Cir. 1991):

> Ordinarily, a secured creditor who has advanced funds on a full recourse basis also would have an unsecured claim to the extent that the value of its secured claim exceeded the value of the debtor's interest in the collateral. . . However, section 502(b)(1) operates to disallow the unsecured or deficiency claim of such a creditor when the financing that provides the basis for the claim was advanced on a nonrecourse basis.

See also *In re Weinstein*, 227 B.R. 284, 292 (9th Cir. BAP 1998)["With respect to the unsecured portion of the undersecured creditor's claim, the treatment of that claim in bankruptcy would depend on whether the creditor did or did not have recourse."]; *In re Allen-Main Associates Ltd. Partnership*, 223 B.R. 59, 63 (2nd Cir.BAP 1998)[Nonrecourse creditor has no unsecured claim and therefore cannot be sole petitioning creditor in involuntary Chapter 7 case.].[3]

Any attempt to enforce the HomeEq obligation as an unsecured debt would be barred by §

---

occupied, entirely or in part, by the purchaser.
  Where both a chattel mortgage and a deed of trust or mortgage have been given to secure payment of the balance of the combined purchase price of both real and personal property, no deficiency judgment shall lie at any time under any one thereof if no deficiency judgment would lie under the deed of trust or mortgage on the real property or estate for years therein.

  [3]The court distinguishes *In re Quintana*, 107 B.R. 234 (9th Cir. BAP 1989), which held that nonrecourse debt is counted as part of aggregate eligibility in Chapter 12 cases. Under *Johnson v. Home State Bank*, the holder of nonrecourse debt has a claim which is properly counted for eligibility purposes when there is only a single aggregate debt limit as in Chapter 12 cases. However, that is very different from saying that the undersecured portion of nonrecourse debt is considered unsecured in Chapter 13 cases, where eligibility is bifurcated into secured and unsecured limits.

3

502(b)(1) of the Bankruptcy Code.[4] There is accordingly no basis for declaring a Chapter 13 debtor ineligible due to excessive unsecured debt by adding the undersecured portion of nonrecourse debt to the total.[5]

For the foregoing reasons, the Trustee's motion to dismiss will be denied unless the Trustee disputes that the HomeEq debt is nonrecourse. If this is disputed, the Trustee shall so inform the court immediately and an evidentiary hearing will be scheduled. If the nonrecourse nature of the debt is conceded, the motion to dismiss will be denied and counsel for the debtors shall submit an appropriate form of order.

Dated: April 12, 2010

Alan Jaroslovsky
U.S. Bankruptcy Judge

---

[4] Section 502(b)(1) prohibits allowance of a claim to the extent that "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law, for a reason other than because such claim is contingent or unmatured."

[5] The court notes that in Chapter 11 cases nonrecourse debt may be treated as recourse pursuant to § 1111(b)(1)(A). There is no such provision applicable to Chapter 13 cases.

4